Catron, Ch. J.
delivered the opinion of the court.
The plaintiff below, now defendant in error, had or had not the right to sue. If the note had been in his presence, and by his assent and approbation, sold and delivered by Curtis to M’Clure and Brooks, they had the undoubted right to sue thereon in the name of Dees for their own use; nor would the latter have had any power to dismiss or control such suit, nor would it have abated on his death. Act of 1825, ch. 29, sec. 3. By the first section of the recited act, it is provided, that £Cin all suits prose *7 cuted in the name of one person for the use of another, the person for whose use such suit is brought, shall held and deemed the real plaintiff on record, against whom judgment shall be rendered, and execution issue for the costs he may he liable for, as in other cases.
If the circuit court determined correctly, it is not perceived how the intention of the Legislature can be carried into effect. In a proceeding originating before a magistrate, the proper time to contest the plaintiff’s right to sue, is on the trial. We think the evidence was improperly rejected.
It is insisted that the suit must he in the name of Dees, if the note he sued on, for the use of M’Clure & Brooks, and that a verdict for the defendant in this case will be a bar to another action. This is a mistake. The present suit, if the right to sue he in another, will abate, and form no bar to the true owner of the note. In a suit by the owner, Dees’s name will only be used to preserve form, without subjecting him to costs or consequences.
The judgment will he reversed, and the cause remanded for another trial.
Judgment reversed.